STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 17-2-16 Vtec

| Killington Village Phase 1 Site Plan |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Major Development (17-2-16 Vtec)

Title:          Motion for Partial Summary Judgment (Motion 1)
Filer:          SP Land Company, LLC
Attorney:       Christopher D. Roy
Filed Date:     April 18, 2016

Response in Opposition filed on 05/25/2016 by Attorney Peter H. Banse for
        Appellant Stephen Durkee

Reply filed on 06/07/2016 by Attorney Christopher D. Roy for Appellee SP Land Company, LLC

Response stating Joinder in motion filed on 07/05/2016 by Attorney Kevin E. Brown
        for Interested Person Town of Killington

**The motion is GRANTED.**

This de novo appeal concerns the application filed by SP Land Company, LLC ("SPLC") for municipal site plan approval of its Phase 1 construction and development at the Killington Ski Resort ("Resort") in the Town of Killington.  The proposed development specifically includes the construction and development of the Village Core and Ramshead Brook Subdivision areas.[1] When the Town of Killington Planning Commission ("Planning Commission") approved SPLC's site plan application, Appellant Stephen Durkee appealed to this Court, raising eight questions in his Statement of Questions.  Now before the Court is SPLC's motion for summary judgment on Appellant's Questions 1 and 2.

---

[1]  The phases of the proposed Resort development were also the subject of a separate Act 250 permit application and appeal that the Court recently addressed in its Merits Decision and Judgment Order: In re Killington Village Master Plan Act 250 Application Appeal, No. 147-10-13 Vtec (June 21, 2016) (Durkin, J.).  The applicant in that proceeding was also SPLC.  In the pending municipal site plan review application, SPLC has represented that the "Phase 1 of the Village Master Plan [including the proposed developments of the Village Core and Ramshead Brook Subdivision], as described in the [municipal] Site Plan Application, involves the same project as the one at issue in" the Act 250 permit appeal proceedings.  SPLC Mem. of Law in Supp. of its Mot. for Partial Summ. J at 3 fn. 2, filed Apr. 18, 2016.

In Question 1, Appellant asks whether the pending application "for Site Plan Review [is] complete without presenting relevant information about the future Phases of its Development?" Appellant's Statement of Questions (SOQ) at 1, filed Feb. 29, 2016.  This question addresses facts and circumstances not directly presented by SPLC in its pending application.  The Phase 1 development is the first of a multi-phased, multi-year development proposed at the Resort.  The multiple phases were presented in SPLC's 2013 application for approval of a planned unit development ("PUD") zone that encompasses all areas where SPLC proposes the various phases of development.[2]  The Planning Commission issued a decision approving that PUD application on November 13, 2013, which was submitted as Tab A to SPLC's Statement of Undisputed Facts, filed on Apr. 18, 2016 ("the 2013 PUD Decision").  The 2013 PUD Decision made clear that no construction or use of any individual phase of development could occur unless and until the issuance of "Site Plan review [approval] and . . . zoning permits" for that individual phase.  2013 PUD Decision at 29. No party appealed the 2013 PUD Decision, and it is thus final and binding.[3]

Pursuant to the Planning Commission's 2013 directive, SPLC filed the pending application, seeking site plan approval for its Phase 1 development, consisting of the commercial and residential developments in the Village Core and the Ramshead Brook Subdivision.  Appellant has not cited us to provisions of the Town of Killington Zoning Bylaws ("Bylaws"), and we find no provision in the 2013 PUD Decision or in the Bylaws that directs an applicant to make detailed presentations on traffic or other impacts from the future phases that have not yet been designed or detailed in a site plan application.  Here, SPLC only seeks site plan approval on its first phase, and has already received PUD approval for the multi-phased development in a prior proceeding.  For all these reasons, we answer Appellant's Question 1 by concluding that SPLC's application is complete, even though it does not include a presentation of "relevant information" about the future phases of the proposed Resort development.  We therefore **GRANT** summary judgment in SPLC's favor as to Appellant's Question 1.

Appellant's Question 2 asks whether "six years without further review of traffic conditions [is] an unreasonably length [sic] time period to commence construction."  Appellant's SOQ at 1. We understand this question to argue that given SPLC has not disclosed details concerning the traffic impacts of the future phases of development, it is unreasonable to give SPLC six years from the date of its site plan review approval for it to commence construction.  For the reasons stated below, we conclude that it is not.

---

[2] SPLC's 2013 application was actually for an amendment to a previously approved PUD proposal, submitted by a prior owner of the Resort.  After the Town of Killington amended its zoning bylaws, SPLC submitted its 2013 application "to align its [prior] PUD Approval #09-007 in order to align the approval [sic] with the updated and revised process and criteria in Section 505 – Planned Unit Development Approval.  Th[e] Application present[ed] for review the Master Plan, consistent with Section 505(2)(G) of the Zoning Bylaws, and a non-binding preliminary proposal for phasing, consistent with Section 505(2)(I) of the Zoning Bylaws."  2013 PUD Decision at 1.

[3] We regard as undisputed all facts presented by SPLC in its Statement of Undisputed Material Facts, since no party filed their own statement of disputed or undisputed facts with their subsequent filings.  See V.R.C.P. 56(e)(2) ( "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to [judgment].").

Section 502(2)(G) of the Bylaws provides that the Planning Commission in the first instance, and this Court on appeal, "may issue Site Plan Approval for a period of time not in excess of six years" when the development has been subject to planned unit development review and approval. Thus, the clear directive of Section 502(2)(G) is to afford discretion to the Commission or this Court to determine the appropriate time period within which a developer must begin construction. Since we do not find any directive that a developer of a multi-phased development must detail traffic and other impacts of future phases when they are only seeking site plan review for a first phase, we answer Appellant's Question 2 by concluding that a six-year period to commence construction is not unreasonable in this case. We therefore **GRANT** summary judgment to SPLC as to Appellant's Question 2.

Six questions remain from Appellants' SOQ, mostly concerning traffic and parking impacts, with one question (Question 6) raising aesthetic concerns. Now that the Court has addressed the outstanding Motion, the Clerk shall set this matter for a pre-trial conference so that the Court and the parties may prepare for trial.

**So ordered.**

Electronically signed on August 12, 2016 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Peter H. Banse (ERN 3855), Attorney for Appellant Stephen Durkee
Christopher D. Roy (ERN 1352), Attorney for Appellee/Applicant SP Land Company, LLC
Kevin E. Brown (ERN 3578), Attorney for Interested Person Town of Killington